#### IN THE

## SUPERIOR COURT OF JUDICATURE,

#### FOR THE

## COUNTY OF STRAFFORD, DECEMBER TERM,

#### A. D. 1835.

---

### TOWN OF MEREDITH *vs.* TOWN OF EXETER.

In the warning out of a pauper under the provincial acts of May 2, 1719, and
January 16, 1771, the constable in his return stated the time of the pauper's
residence thus: "The said Robert having resided here near one year, as he
says."

Adjudged, that the warning was insufficient.

ASSUMPSIT for the support of Nancy Smith and her illegiti-
mate children, Daniel, Sally and Simeon, who have the set-
tlement of Robinson Peters, otherwise called Robert Peters,
whose settlement is in Exeter, unless prevented by the fol-
lowing proceedings in warning him out.

A warrant was issued in due form by the selectmen of
Exeter, on the 3d day of April, A. D. 1779, requiring the
constable to warn out said Peters, who on the 5th day of the
same April made a service of the same, stating in his return
as to the time said Peters came into Exeter to reside, as fol-
lows: "The said Robert having resided here near one
year."

The warrant, with the constable's return thereon, was
found in the clerk's office of the then Court of Sessions,
among the files of the year 1779, on the back of which
were the following minutes: "Robert Peters"—"Caution
*vs.* Pauper"—"May, 1779."

These minutes, together with the constable's return, except the signature, were in the hand writing of the then clerk of the Court of Sessions.

Meredith<br>*vs.*<br>Exeter.

*Lovell* and *Bartlett*, for the plaintiffs.

*Bell* and *Sullivan*, for the defendants.

GREEN, J.   The decision of this case must be governed by the Provincial Act of May 2, 1719, *Prov. Laws p.* 136, and the additional Act of January 16, 1771, p. 263.

By the first it is enacted :

" That if any person or persons come to sojourn or dwell
' in any town within this province, or precinct thereof, and
' be there received and entertained for the space of three
' months, not having been warned by the constable, or other
' person whom the selectmen shall appoint for that end, to
' leave the place, and the names of such persons, with the
' time of their abode there, and when such warning was given
' them returned unto the court of Quarter Sessions, every
' such person shall be reputed an inhabitant of such town or
' precinct of the same, and the proper charge of the same,
' in case through sickness, lameness, or otherwise, they come
' to stand in need of relief," &c.

The additional act extended the time of the pauper's residence to gain a settlement, without warning out, to one year.

By the foregoing statutes it is clearly made the duty of the defendants, in order to relieve themselves from the support of the paupers, to shew affirmatively, either by the warrant by which Peters was warned out of Exeter, or by the constable's return upon it, the time of his abode there ; and that the warrant, with the proceedings thereon, were returned to the Court of Sessions within one year from the time he commenced said abode.

The selectmen and constables are officers under oath to dis-

charge their respective duties faithfully, and the statement by them, or either of them, of the time Peters came to reside in Exeter, would be conclusive evidence of the fact. They were by the statute made the persons to determine that question; and from the nature of their offices it may be presumed that with proper diligence, which they were bound to exercise, they would be able to ascertain it with sufficient accuracy.

In the present case, the warrant is silent as to the time said Peters commenced his residence in Exeter; and the return of the constable as to that fact is, that he was told by Peters that he had, at the time of being warned, been there nearly one year. This is clearly insufficient. The constable might with equal propriety have returned that any other person told him the same. It was the duty of the constable to ascertain, with as much certainty as possible, the particular time, and to have stated it in his return, on his own responsibility.

The object of the statute in requiring a specific statement of the time was, that towns might know whether those who become chargeable had acquired settlements by their residence in other places; and its object would, in a great measure, be defeated, unless the officers of towns, whose duty it was to act in such cases, were held to a strict compliance with their duty in that particular.

It may further be added, that if the return had been simply that said Robert had resided in the town "near one year," such return must be held to be insufficient, unless it should be construed as meaning that in the belief of the officer he had resided there the precise term of one year. The time was, by the statute, required to be stated. Still, it must in many instances have been difficult, if not impossible, to ascertain the precise day with absolute certainty; and a return that the individual had resided in town a certain period, according to the best knowledge and belief of the officer, would probably be a sufficient compliance with the statute. If,

then, this had been a return that Robert Peters had resided <span style="float:right">Pequa'et Bridge<br>*vs.*<br>Mathes & a.</span> in the town near one year, and if such return could be construed as a return that he had resided there in the belief of the officer that time precisely, it would not help the case ; for if he had resided in the town one year before the warning, he had gained a settlement under the stature, and the warning was useless. And further, it does not appear at what time in the month of May the warrant was returned to the clerk's office, so that there is no evidence that the return was within the year, if the warning had been so.

*Judgment for the plaintiff.*